## Pulisevich Petition

*Chauncey H. Depuy,* for petitioner.

*George E. Wenger* and *Edwin D. Strite,* for respondent.

WINGERD, P. J., May 7, 1948.—This matter comes before the court on petition and answer. The father and mother of Malcolm Erle Wingert Pulisevich, minor child, being, respectively, Thomas J. Pulisevich and Elizabeth Wingert Pulisevich, were separated and the child was in the custody of the mother. In June 1947 the father petitioned the court for an order to visit the child. An answer was filed to this petition by the mother and a reply to the answer filed by the father. After some lapse of time, a stipulation was entered into between the father and mother in which they agreed upon the times and the manner in which the father could visit the child. In accordance with this stipulation, the court made an order on August 16, 1947.

On February 20, 1948, the father presented his petition asking that the order made August 16, 1947, be modified in certain respects and a rule was issued on the mother to show cause why such modification should not be made. The mother filed an answer to the petition to modify on March 10, 1948. The answer denies

most of the allegations of fact in the petition and contains certain allegations which seem to constitute new matter. On March 12, 1948, the father presented a petition asking that a suitable person be appointed to take testimony, to make findings of fact and to report the same to the court.

As this matter is on petition and answer, the procedure is governed by Pa. R. C. P. 209, which provides that where the moving party, petitioner, does not, within 15 days, proceed by rule or by agreement of counsel to take depositions on disputed issues of fact or order the cause for argument on petition and answer, respondent may rule petitioner to proceed and if, after hearing, such rule to proceed shall be made absolute and petitioner shall fail to proceed by placing the matter on the argument list or by rule to take depositions within 15 days thereafter, respondent may put down the matter for argument, in which case the averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

The reason for the passage of Pa. R. C. P. 209 is stated in Goodrich-Amram, sec. 209-1, p. 18, to be as follows:

"This rule was devised by the Committee because of the practice in many counties where cases are not automatically listed for argument by the prothonotary and must be ordered for argument by an attorney in the action. Where an order of an attorney was required, it frequently happened that a case was in effect deadlocked after the filing of an answer because the attorney for neither side would be willing to take the initiative of ordering the case for argument and the attorney for the petitioner would not proceed to take depositions. The cause of this reluctance was the existence of the principle that the ordering of the action for argument on petition and answer admitted for the purpose of the argument the truth of the averments

of the answer or petition filed by the adverse party."

And on page 20:

". . . In the counties in which cases at issue on petition and answer are listed for argument by the prothonotary or officer in charge of the argument list without any order or instruction from counsel, this rule will have no effect and the local practice of automatic listing will continue."

In practice, in Franklin County, we do not know of any such acute situations developing as those to cure which this rule was devised. The general practice in Franklin County was that when an answer to a petition put at issue certain questions of fact, either petitioner or respondent requested the court to conduct a hearing concerning such disputed facts or asked the court to appoint an examiner to take the testimony in reference to such disputed facts and report it to the court. We know of no such case where a rule to take depositions was issued, unless depositions were necessary by reason of the fact that witnesses could not be subpœnaed to attend a hearing or were not available because of some other proper reason. It was, I believe, considered more convenient for all parties and more satisfactory for the court to hear the witnesses than to have depositions or testimony taken by an examiner presented to the court for consideration. However, when the matter was one which involved considerable time and quite a volume of testimony, an examiner was appointed, who merely took the testimony and returned it to the court, but who did not find any facts. A rule to take depositions because of disputed facts in a petition and answer was practically unheard of in Franklin County.

Under Pa. R. C. P. 209, it seems to this court that, as depositions are taken by a commissioner for and in behalf of the court, an application to the court to either take testimony or appoint an examiner, is equivalent to proceeding by rule or agreement by the parties

to take depositions and practically the same result is obtained. Taking depositions is a rather arduous and sometimes an expensive proceeding, whereas, if witnesses are available, a hearing before the court or an examiner is much more satisfactory and effective. It will also be noticed that under Pa. R. C. P. 209 petitioner only has to proceed within 15 days after the rule to proceed is made absolute, a hearing thereon having been had, and no provision is made for the time within which the rule to proceed shall be returnable. Furthermore, respondent must wait 15 days after filing answer before he can issue a rule to proceed. The rule to proceed, for which no time of return is designated, would probably be made returnable in the usual time of 15 days, then a hearing would be held upon this rule and if it were made absolute, petitioner would have 15 days more in which to proceed before respondent could put the matter down for argument. It will be seen that by this procedure, before petitioner can be forced to proceed by putting the matter down for argument or by rule to take depositions, from 45 days to two or three months could elapse, depending upon the time when the rule to proceed could be put down for hearing, probably at a stated argument court, and the time which the court might reasonably take in either discharging or making absolute such rule. Under the practice in Franklin County either party could ask for a hearing before the court, or the appointment of an examiner immediately after the filing of the answer and ordinarily the matter could be disposed of promptly.

It seems to this court that the practice heretofore pursued in Franklin County is not inconsistent with Pa. R. C. P. 209 and in many cases may be more expeditious than proceeding by depositions in accordance with that rule. There is no reason why either party cannot present a petition to the court for a hearing or the appointment of an examiner at any time

after the filing of the answer, as the rule does not under its terms provide for a reply. In case the answer includes new matter and no reply has been filed, the burden would be on respondent to prove such new matter, unless it were expressly admitted by petitioner. The better practice would be that, in case the answer included new matter, such new matter should be marked as such and petitioner given 15 days to answer it but, as Pa. R. C. P. 209 makes no such provision, we must comply with it and consider the answer as completing the pleadings, whether it contains new matter or not. In the event that the answer contains new matter, such new matter is put at issue without a reply and must be proven, unless specifically admitted. Petitioner, by putting the case down for argument, does not admit new matter. Under Pa. R. C. P. 209, as we feel a petition to the court for a hearing or for an examiner is equivalent to proceeding by rule or agreement to take depositions, if petitioner, within 15 days after the answer is filed, puts the case down for argument, proceeds by rule or agreement to take depositions, or petitions the court for a hearing or for an examiner, petitioner is not in default and has complied with the rule. In the same manner, if a rule to proceed is issued on petitioner, petitioner is not in default if he proceeds in any one of the above mentioned ways before the return day of the rule or within 15 days after the rule is made absolute. On the other hand, there is no reason why respondent cannot at any time after the filing of the answer and without waiting for 15 days to elapse, petition the court for a hearing or for an examiner.

In the instant case, petitioner presented a petition asking that a suitable person be appointed to take the testimony in the present proceeding, to make findings of fact and to report the same to the court. We do not feel that this application is proper or that the court can properly appoint a person to take testimony and

make findings of fact in the instant proceeding. It seems to the court that it is the court's duty in such case to make the findings of fact from depositions, or testimony taken before a master, or testimony heard by the court. However, as we feel an application for a hearing or for the appointment of an examiner to take testimony is proper, we will consider the petition as if it had made such a request.

Although no written objection was made to the petition in its present form or any argument had in reference thereto, counsel for respondent did verbally, at the presentation of the petition, object to the request in the petition as made and the court, realizing that the taking of depositions was so far from the procedure heretofore followed in Franklin County when a petition and answer raised issues of fact, decided that there should be some interpretation of Pa. R. C. P. 209 by this court so that a procedure thereunder be established for Franklin County.

As the present matter has to do with the right of a parent to visit a minor child in the custody of the other parent, the court feels that a hearing should be had before the court. This feeling on the part of the court has already caused some delay and will cause additional delay in that such hearing will not be set before the week of May 24, 1948. If there is any contention that a real necessity exists for the taking of testimony prior to that time, the court will immediately hear the parties, either in court or in chambers and, if such appears, will appoint an examiner to take the testimony promptly.

Now, May 7, 1948, testimony concerning the matters of fact put in issue by the petition and answer will be heard by the court on Wednesday, May 26, 1948, at 9:30 a. m. (D. S. T.), in the court room of the Franklin County Court House at Chambersburg, Pa., unless it is shown that an earlier hearing is necessary, in which case the court will appoint an examiner to take testimony.